FRANCIS KNIZE *v.* WAVERLY KNIZE
(AC 31130)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued April 19—officially released June 15, 2010

*Francis Knize*, pro se, the appellant (plaintiff).

*Christine B. O'Sullivan*, for the appellee (defendant).

*Opinion*

PER CURIAM. The pro se plaintiff, Francis Knize, brought an action against the defendant, Waverly Knize, his former wife, for "[l]ibel, [s]lander and [c]haracter [d]efamation," as more particularly alleged in his amended complaint, claiming monetary damages as a result. The case was tried to the jury, which returned a verdict in favor of the defendant, from which the plaintiff has appealed. On appeal, the plaintiff claims that the court improperly denied his motion to set aside the verdict and for a new trial. We affirm the judgment of the trial court.

After many motions, including the defendant's motion to dismiss, which was denied, and the plaintiff's motions to amend his complaint, the case culminated in a jury verdict on April 17, 2009, in favor of the defendant. The plaintiff filed a motion to set aside the verdict and for a new trial on April 23, 2009, claiming that the verdict was contrary to law and that the evidence furnished no reasonable basis for the jury's conclusion. After oral arguments on May 7, 2009, the court filed a memorandum of decision on May 8, 2009, denying the motion. The court found that the verdict was "not against the evidence," was "not contrary to the law" and that the jury "could reasonably have reached the verdict it did."

Our standard of review of a trial court's denial of a motion to set aside a jury verdict is well settled. See

*Greci* v. *Parks,* 117 Conn. App. 658, 667, 980 A.2d 948 (2009). A trial court possesses inherent power to set aside a jury verdict if the verdict is against the law or the evidence. Id. It "should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion . . . ." (Internal quotation marks omitted.) Id. The decision to set aside a verdict "entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) Id.

The plaintiff, in his brief, argues that the court applied an improper standard of proof. Specifically, he contends that the standard of proof to be used by the jury should have been clear and convincing evidence for it to find criminal drug abuse by the plaintiff. The issue before the jury, however, was not whether the plaintiff was guilty of crimes related to the use of drugs, but whether the defendant had made libelous statements about the plaintiff concerning his drug abuse, as alleged in his complaint. The plaintiff does not argue in his brief that the standard of proof required for the jury verdict in his libel case was erroneous, inadequate or violative of law. The arguments in his brief, citing law from other state jurisdictions, relate to civil cases involving proof of criminal acts, unlike this case. The standard of proof used in those cases is irrelevant in deciding this case.

The plaintiff's argument that the jury had insufficient evidence "reasonably to find criminal drug use" and the standard of proof to find that fact, as previously noted, is irrelevant. The issue in this case was not whether the plaintiff had violated criminal statutes related to drug use but whether the jury by a preponderance of the evidence could find as a preliminary matter, that the defendant had made defamatory statements as

alleged in the plaintiff's complaint.[1] The plaintiff's brief does not address any issue related to the latter claim. We will set aside a trial court's ruling on a motion to set aside a verdict only when an abuse of discretion is manifest or an injustice appears to have been done, neither of which is present in this case. We, therefore, affirm the judgment of the court that denied the plaintiff's motion to set aside the verdict and for a new trial.

The judgment is affirmed.

---

[1] The plaintiff, as a private individual, needed to prove by a preponderance of the evidence that the defendant negligently made defamatory statements about him. See *Miles* v. *Perry*, 11 Conn. App. 584, 588–89, 529 A.2d 199 (1987). He did not need to prove his allegations by the higher burden of proof, namely, clear and convincing evidence, which would be true if he were a public official. Id. The plaintiff's argument as to the use of a higher standard of proof for establishing that the plaintiff violated criminal statutes as to drug use might be understood as his belief that the defendant had to prove, as her defense, that the statements about him that he attributed to her were not libelous or defamatory if she could prove by clear and convincing evidence that he had violated criminal statutes related to drug use. It is not for this court, however, to speculate as to why the plaintiff chooses to argue for a higher standard of proof in his case.